## RICHARD MALLETT v. ALONZO LEWIS.

STATUTE OF FRAUDS.  *Contract not to be performed in one year.*

An oral agreement to buy goods from a person, exclusively for five years if he sells as reasonably as others, is within the Statute of Frauds.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The appellant sued on the contract mentioned in the opinion of the court, and the appellee filed several pleas. Among other things he pleaded that the contract was parol. After demurrers to all the pleas were overruled, the plaintiff offered to answer the other defenses, but refused to reply to the plea which involved the Statue of Frauds. He tendered, however, an amended declaration, but the court refused to let him file it and dismissed the case. This declaration, after stating the contract as before, averred that " solely for the consideration of the defendant's promise as to trading, without controlling trade for the plaintiff, and implicitly relying on the good faith of said promise, the plaintiff made the purchase of said stock of drugs, and then and there paid the contract price in

consideration of said promise, and that he has always offered and is still willing to sell drugs to the defendant at as liberal a discount as he can obtain them anywhere."

*Shelton & Crutcher*, for the appellant.

The breach assigned is of the agreement to buy goods. This depended on the contingency that the plaintiff would sell on as liberal discount as others, and it might also be terminated by death during the year. A contract is not within the Statute of Frauds unless it clearly appears to be not performable in a year. If its performance depends on a contingency which may happen during the year, the contract is enforceable, although the contracting parties believed that the contingency would not occur. Browne on the Statute of Frauds, §§ 273, 279 ; 3 Parsons on Contracts 35, 36 ; 7 Wait's Actions and Defenses 41, 46. Suit can be maintained for violation of part of a contract, even if the other part is void. *Smalley* v. *Greene*, 52 Iowa 241. This contract might have been wholly performed by the promisor's death within the year, and it is, therefore, enforceable. Browne on the Statute of Frauds, § 282. In the case of *Doyle* v. *Dixon*, 97 Mass. 208, the reasoning is conclusive. The entire contract is enforceable ; but it is enough for the appellant to sustain the part of which the breach is assigned.

*M. Dabney*, for the appellee.

By the terms of the contract it was to continue over five years. The distinction between this and a contract dependent on life or other contingency which may happen within a year is in the terms of the contract. In this case time enters into the essence of the contract, and it is fixed and defined for more than one year. Browne on the Statute of Frauds, §§ 274, 279, 282. The case on which the appellant relies, *Doyle* v. *Dixon*, 97 Mass. 208, is opposed to the weight of reasoning. Browne on the Statute of Frauds, § 282 b. ; 7 Wait's Actions and Defenses 43. Exceptions will not be engrafted upon this statute. *Fisher* v. *Kuhn*, 54 Miss. 480 ; *Gumbel* v. *Koon*, 59 Miss. 264. If the understanding and expectation of the parties was that the contract was not to be performed in one year it falls within the statute. *Herrin* v. *Butters*, 20 Maine 119 ; *Saunders* v. *Kastenbine*, 6 B. Mon. 17 ; *Hinckley* v. *Southgate*, 11

Vt. 428. Although under the agreement one party might withdraw from its performance, it is within the statute. *Dobson* v. *Collis*, 1 H. & N. 81. The fact that the death of a party would necessarily terminate a contract, as in case of personal services, does not place it without the statute. *Shute* v. *Dorr*, 5 Wend. 204; Browne on the Statute of Frauds, § 282 a.

CHALMERS, J., delivered the opinion of the court.

The defendant bound himself not to re-enter the drug business in the town of Edwards for five years, and during this period to buy all his own drugs from the plaintiff, and to influence his friends to do the same, if goods could be obtained from the plaintiff on as good terms as elsewhere. The breach of contract relied on is that plaintiff was always ready and willing to sell all goods, and actually did sell them when called for, on as good terms as could be obtained elsewhere; but in violation of his contract the defendant and appellee was purchasing from other parties. Defendant pleaded that this contract was verbal, and therefore contrary to the Statute of Frauds, because by its terms it did not contemplate full performance within a year. To this plea plaintiff in effect demurred. He insists that the case is not within the statute for two reasons. 1st. He says that it was dependent upon the ability and willingness of defendant to furnish him the drugs upon as good terms as could be obtained elsewhere, and therefore it was upon " a contingency," to wit: defendant's refusal to comply with its terms in this regard which might occur within less than a year; 2d, that it was dependent upon " the contingency " of death, which might occur within a year, and as the contract was purely personal and could not descend as an obligation resting upon the promisor's administrator, it was not within the statute. It is undoubtedly true that a contract which is dependent upon a contingency that may occur within less than a year is not in violation of the statute, though it may, if the contingency does not occur, practically run on for a longer period than twelve months; but there is no such contingency here.

The first contingency set up by the plaintiff, as liable to occur

within the year, to wit: that the plaintiff might fail and refuse to sell the goods on as good terms as could be obtained elsewhere, is no contingency at all in the proper sense of that word. On the contrary, it is an attempt to avoid the force of the statute by saying that the adversary might within the year have refused to comply with his portion of it, and therefore his possible refusal makes the contract good. In other words, it is equivalent to saying that the contract is condemned by law; but inasmuch as it is possible that the adversary party may break it or be unable to comply with its terms within less than twelve months, it therefore escapes the comdemnation of the statute. If the mere possibility that one of the parties to a contract may within the year refuse or be unable to comply with its terms avoids the statute prohibiting verbal contracts which do not contemplate full performance within the year, it is apparent that the statute is at once at an end, since it is hard to imagine a case where such a replication to a plea of the Statute of Frauds could not be filed. A refusal to comply with the terms of a contract by one party usually releases the other, but the court never anticipates a refusal in advance for the purpose either of upholding or of annulling the contract as made.

It is also true that a contract for an indefinite time, as, for instance, for life, or until the happening of some contingent, uncertain, and expected event is held not to be within the statute where the contract is strictly personal and does not descend against the administrator of the promisor, because in such cases the parties are supposed to have contracted in view of the uncertainty of life, and with full knowledge that death might ensue within the year, and thus end the contract. In such cases, as the contract was purely personal, and must end with life, it is held to be fully performed by death, and the court cannot say from the terms of the agreement that such was not the contemplation of the parties; but where the agreement, as in this case, stipulates in terms for a longer period than twelve months, the court is bound to see that the deliberate attempt of the parties was to bind each other verbally in the teeth of the statute for a longer period than one year. Where the time is indefinite, and supervening death may work completion

within the year, the court will not infer an intention to violate the statute, but where two, five, or ten years is expressly stipulated for there is no room for inference, and the statute comes like a tyrant and makes all unenforceable.

The test is usually to be found in the terms of the contract. If in terms it stipulates for a greater period than one year it is voidable, though it is possible that it may be completed within less than a year. If, on the other hand, the time is not specified, the statute is not violated, though the probabilities are that it will require more than a year to completely perform the agreement. This rule will not solve all the cases, but it will perhaps come as near doing so as any general one that can be laid down. Browne on the Statute of Frauds, § 274 to § 280, and cases cited. It is said, however, in many cases, that though a longer period than one year be named in the contract, the statute will not apply where the court can clearly see that it may be performed within the year and that the parties contracted on the basis and expectation that it would be. Browne on the Statute of Frauds, § 278, and cases cited. The mere physical possibility of performance is not sufficient, however, to take the case out of the statute, but such performance must clearly have been within the understanding and contemplation of the parties at the date of the contract. Browne on the Statute of Frauds, §§ 281, 281 a.

By none of these tests can the agreement in this case be sustained. There was an express agreement that the contract should last for five years, and it is evident that, so far from the parties contemplating full completion within a less period, the time specified was a material part of the contract. True, the contract was personal and necessarily would be ended by the death of the obligor, and this fact, it was held in *Doyle* v. *Dixon*, 97 Mass. 208, took it out of the operation of the statute; but the decision is censured by Mr. Browne and we think deservedly so. While it is true that the parties must know the uncertainty of life and the possibility of death within the year, yet where they deliberately and expressly contract for a longer period of time than the statute permits, it cannot ordinarily be said that the time named by them was

not of the essence of the contract and did not constitute the very basis of their agreement. Browne on the Statute of Frauds, § 282 b. The court below rightly held that the contract sued on was within the Statute of Frauds.                                    *Affirmed.*