GERACHI et al. v. SHERWIN-WILLIAMS Co.

(Division B. Jan. 6, 1930. Suggestion of Error Overruled Feb. 17, 1930.)

[125 So. 410. No. 28084.]

**Chaney & Culkin,** of Vicksburg, for appellant.

·**Brunini & Hirsch,** of Vicksburg, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants were merchants doing a drug business in the city of Vicksburg, under the firm name of the People's Drug Store. Sherwin-Williams Company is a corporation doing business in St. Louis, Missouri, and brought suit against the appellants for three hundred sixty-two dollars and fifty cents for merchandise, consisting of paints, varnishes, etc., sold to the appellants, who were defendants in the court below.

The defendants pleaded the general issue denying the indebtedness sued upon, or for any other amount, and also filed a plea of recoupment, in which it was alleged that they were not indebted to the plaintiff, but that in truth and fact the plaintiff was indebted to them by way of counterclaim, or recoupment, or set-off; and alleged that for many years prior to the institution of this

suit the defendants, operating under the firm name of the People's Drug Store, were the sole and exclusive agents of the plaintiff in the city of Vicksburg, and adjacent territory, handling the paints, varnishes, brushes, and other products of the plaintiff; that during the latter part of the year 1926 the regular salesman and representatives of the plaintiff company, representing and having charge of the Vicksburg district, contracted with the defendants by which they would, by mutual agreement, renew for another year the contract for exclusive representation of plaintiff in said territory; that in order for the defendants to retain the agency thus existing, it was necessary for them to replenish their stock to the extent of several hundred dollars, and that, accordingly, plaintiff shipped to the defendants, about said time, goods to the extent of about three hundred dollars; that the defendants had on hand in their store about two thousand dollars worth of goods purchased from plaintiff, consisting of odds and ends and leftovers for which there is no market unless a full and complete stock is kept and carried; that the exclusive agency, referred to in the said pleading, was of a value of one thousand dollars a year to the defendants; that the plaintiff breached its contract by selling to other dealers in the city of Vicksburg and adjacent territory, whereby the defendants were injured and their stock rendered valueless or greatly reduced in value, for which they should recoup in the suit.

It appeared from the testimony of the defendants that in the year 1921 a traveling salesman of the plaintiff approached them with a view to selling them the line of plaintiff in the Vicksburg territory. As an inducement to do so, the salesman agreed that they should have the exclusive right to handle the same in that territory, and that from that time to the year 1926 no other dealer in Vicksburg handled the line of the plaintiff. One of the

defendants testified that the salesman came around from time to time, checked over their stock, filled out an order for needed goods, which he signed, and that he annually renewed the arrangement, but that all of the said understandings with reference to the exclusive agency were verbal. They testified that in 1926, when the agent came around, he told them their agency, or exclusive sales arrangement, would be permanent, and that they understood that it would endure forever so long as they paid their bills, but that sometime in 1927 some of their customers told them that they could procure the same paint from another dealer at a cheaper price than the People's Drug Store was selling, and claimed that the plaintiff had breached its contract by reason thereof.

The defendants, the People's Drug Store, had no correspondence with the Sherwin-Williams Company at its head office with reference to any agreement, and the only contract they had was with a traveling salesman of the plaintiff. The traveling salesman who was then in charge of the territory, and who it is alleged made the contract in 1926, denied making any contract except one taking an order for goods in the customary manner. He further testified that he had no authority as such traveling salesman to make any such agreement.

Several of the officers and agents in St. Louis and in Memphis testified that they knew of no such agreement by which the defendants were to have exclusive agency, and that the salesman had no authority to make such. This evidence of the agent's authority is not, in fact, disputed unless some presumption can be drawn from the circumstances by which it may be implied. It is common knowledge that a person dealing with an agent must know the extent of his authority; it is also the law that what is ordinarily done, or appears to be within the ordinary scope of authority of an agent, may bind his principal. In other words, when the principal employs

an agent, the agent has the express or implied authority to do the things necessary to be done to make his employment, or agency, effective. We do not understand that a soliciting agent, to solicit business for a nonresident wholesaler, has any implied authority to make exclusive contracts with a retailer so as to give him exclusive agency in a territory; such is not ordinarily the scope of such employment; therefore the agent under the facts in this record was without authority to make the contract, if one was so made.

It further appears from the defendant's testimony that the contract made in 1926, taking their own version of it, was not to be limited for fifteen months, or was not to be performed within any definite specified time, but was to endure forever, subject to the payment of indebtedness incurred thereunder. As the contract relied upon was verbal and was not to be performed within the statutory period, an action could not be maintained to enforce the agreement. We think, therefore, that the circuit judge was correct in granting a peremptory instruction for the plaintiff, and the judgment will be affirmed.

Affirmed.