## TANNER *v.* WALSH.

(Division A.    Sept. 12, 1938.    Suggestion of Error Overruled Oct. 17, 1938.)

[183 So. 278.    No. 33263.]

**R. M. Kelly** and **Chaney & Culkin**, all of Vicksburg, for appellant.

Brunini & Hirsch, of Vicksburg, for appellee.

Argued orally by **R. M. Kelly**, for appellant, and by **Edw. L. Brunini**, for appellee.

Smith, **C. J.**, delivered the opinion of the court.

This is a proceeding under section 2226 et seq., Code of 1930, by the appellee to recover from the appellant, her tenant, the possession of a house and lot, the possession

of which the appellee alleges the appellant is holding after the expiration of his right so to do has expired. From a judgment for the appellee the case was carried to the circuit court, where the judgment was set aside and a new trial granted. Amendments were there made to the pleadings by both parties, and the court was presented with pleas and demurrers. It will not be necessary for us to review the rulings thereon, or to determine whether these pleas and demurrers were permissible under the statute, for the reason that the case was finally submitted to the jury on evidence that it would have been had the pleadings been confined to the two affidavits contemplated by the statute. Holmes v. Elmer, Miss., 181 So. 325.

At the close of the evidence the court directed a verdict for the appellee, and there was a judgment accordingly. Several questions are presented by counsel, but we deem it necessary to specifically decide only the one hereinafter discussed.

The appellant was in possession of the house under a short-time lease from the appellee, conducting a mercantile business thereon, and desired a three-year lease thereof, in order that he might be justified in expending something over a thousand dollars in fixtures, including a refrigerating plant. These facts he communicated to the appellee and, according to his evidence, she agreed to rent him the house for three years at a monthly rental of $60, payable each month in advance, but she declined to enter into a written contract therefor, saying that "her word was as good as her bond." He remained in possession of the property, put in the fixtures contemplated, and paid the rental each month in advance. Prior to the expiration of the month preceding the institution of this suit, the appellee gave the appellant the notice required by section 2224, Code of 1930, for the termination of a tenancy where "the letting is by the month." The appellant declined to leave the premises, and this suit was

begun. If, according to the appellant, he is forced to leave the premises he will suffer a loss on the fixtures installed by him.

It will not be necessary for us to set forth the evidence for the appellee.

Under the appellant's evidence the letting of the house was by the month, unless his claim to a three-year lease thereof is valid, although not evidenced by a written instrument, as required by section 3343, Code of 1930.

The appellant's contention in this connection, in substance, is that the appellee is estopped, because of the facts hereinbefore set forth, from denying that he has a three-year lease of the property. Section 3343, Code of 1930, provides that "An action shall not be brought whereby to charge a defendant or other party: . . (c) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; . . . Unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

What we are, in effect, asked by the appellant to do is to engraft an exception on the statute by interpreting it as if it contained, after the words, "for a longer term than one year," the following or similar words: "unless the lessor, when making the lease, promises the lessee to observe it without its being reduced to writing, and permits the lessee to expend money on the leased premises in reliance on such promise." This we cannot do, for this court, contrary to the course pursued by some others, has uniformly held that it is without power to engraft exceptions on the statute, and must enforce it as written. Among the many cases so holding see Beamon v. Buck, 9 Smedes & M. 207; Box et al. v. Stanford, 13 Smedes & M. 93, 51 Am. Dec. 142; Howie v. Swaggard,

142 Miss. 409, 107 So. 556. Cf. Delta Lumber Co. v. Wall, 119 Miss. 350, 80 So. 782. To hold otherwise would destroy the purpose of the statute to prevent frauds and perjuries.

What we are dealing with is not a claim for restitution or reimbursement for the violation of an invalid contract, but with a claim for the enforcement of the contract itself.

Affirmed.