EDMONDSON *v.* EDMONDSON.

Division A. Oct. 9, 1950.

No. 37553 (48 So. (2d) 121)

John H. Holloman, L. Barrett Jones and W. L. Sims, for appellant.

**Sams & Jolly**, for appellee.

McGehee, C. J.

The appellee, J. H. Edmondson, alleges in his bill of complaint that sometime during the month of December 1945 the defendant, R. L. Edmondson, came to see him at Tuscaloosa, Alabama, where he was stationed in the United States Army, and requested that when the complainant should receive his discharge from the army that he come to Columbus, Mississippi, and work for him in his brokerage business at a salary of $200 per month plus 25% of the profits of the business for a period of one year. That no definite and final agreement was made at that time for the reason that the complainant did not know when he would be discharged from the army. Finally in an amended bill of complaint it was alleged that on or about the 15th day of April 1946 the complainant and defendant were riding in defendant's automobile from Columbus, Mississippi, to and back from Tuscaloosa, Alabama, and on that occasion reaffirmed and entered into the oral agreement hereinbefore mentioned and that both parties agreed that complainant would begin work under such employment on May 1st, 1946, to work for a period of one year; and that at the end of said year the defendant would have his business audited and pay unto the complainant 25% of the net profits as shown by an audit of the business.

The complainant sought to recover 25% of the net profits of the business after having received the $200 per month for the full year for his services and finally ceased working for the defendant in August 1947 when the defendant failed to account to him for 25% of the net profits of the business during the year ending May 1, 1947.

In answer to the bill of complaint the defendant first filed a motion asking that the court require the complainant to be specific in his allegations as to when and where the alleged contract of employment was consummated. The trial court overruled this motion. And the defendant thereupon filed his answer denying that he had entered

into a contract to pay unto the complainant as compensation for his services the 25% of the net profits of the business and alleged that he was only obligated to pay the $200 salary per month, which had been received by the complainant.

The proof at the trial failed to satisfactorily disclose whether the alleged contract was entered into in Alabama or in Mississippi.

The statute of frauds of Alabama, Code 1940, Tit. 20, Sec. 3, contains a provision to the effect that an action shall not be brought whereby to charge a defendant or other party upon any agreement which is not to be performed within the space of twelve months from the making thereof, whereas the statute of frauds of Mississippi, Section 264, Code 1942, provides that "An action shall not be brought whereby to charge a defendant or other party: . . . (d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof; . . ."

This oral contract relied on by the complainant could not be performed within twelve months as required under the law of Alabama, if the same was made about the 15th of April 1946 to begin May 1st, 1946, and to continue thereafter for one year, as alleged in the bill of complaint, but the same could have been performed within fifteen months if made in Mississippi, and would not be in violation of the statute of frauds of this State. Therefore, the defendant was entitled to know, and we are entitled to know, whether the contract was made in Mississippi when the parties were traveling by automobile from Columbus, Mississippi, to Tuscaloosa, Alabama, and return, or was made in Alabama, in order that we may know how to apply the applicable law to the facts of the case. Hence the motion of the defendant to require the complainant to specify the time and place where the contract was entered into should have been sustained and the cause must, therefore, be reversed because of

the error committed by the trial court in overruling the said motion.

The trial court found as a fact that the agreement was had as contended for by the complainant, but granted an interlocutory appeal to settle the controlling principles of law in the case, and which would include the question of whether or not under the statute of frauds the oral agreement for employment throughout such period of time to begin in the future was valid and enforceable.

The question of an accounting was pretermitted pending the outcome of this appeal. The court further found that the defendant was entitled as the owner of the business to fix his own salary, and that the amount so fixed should be determined by the amount which he actually drew out of the business before calculating the net profits. The complainant had testified that the defendant was to receive a salary but that the same was to be only slightly in excess of that to be received by the complainant, but that he conceded that there was no definite understanding as to the amount that the defendant was to receive as a salary. However, he further claimed that the defendant had drawn $10,000 or $11,000 out of the business for salary and expenses, and that he was only entitled to receive a reasonable salary and that $400 per month was ample. We pretermit any decision of this issue until the trial court shall have first determined when and where the agreement was entered into as a condition precedent to the complainant's right to recover at all on the alleged contract and on an accounting. We think that the case should be fully developed as to when and where the contract was made and as to whether or not $10,000 or $11,000 would be grossly disproportionate to the value of the services rendered by the defendant in the light of the volume of business done and the services rendered, in the event the trial court should find that the contract was finally consummated in Mississippi.

Reversed and remanded.