POOLE *v.* JOHNS-MANVILLE PRODUCTS CORPORATION.

Division A. Jan. 15, 1951.

No. 37665 (49 So. (2d) 891)

Gordon & Gordon, and **Tucker & Badon**, for appellant.

530

Brandon, Brandon, Hornsby & Handy, for appellee.

Kyle, J.

This case is before us on appeal from a judgment of the Circuit Court of Amite County sustaining a demurrer to plaintiff's declaration.

Plaintiff in his declaration alleged that one John W. Thompson, agent of the defendant, with authority to make and enter into contracts for cutting and purchasing pulpwood for the defendant, and acting within the scope of his authority, approached the plaintiff in the Town of Crosby, Mississippi, on or about March 1, 1948, for the purpose of inducing him to enter into a contract with the defendant for the cutting and hauling of pulpwood to the railroad and loading the same on cars for shipment to the defendant, and that said agent told the plaintiff

that the defendant would guarantee to the plaintiff employment for a period of not less than two years if he would buy additional equipment and cut and haul pulpwood for the defendant, and that the defendant would pay the plaintiff therefor not less than $8.75 per cord; that the defendant would guarantee employment and acceptance of all pulpwood that could be cut and delivered by the plaintiff for a period of not less than two years, and that the plaintiff could be assured of continued employment in the furnishing of such pulpwood as long as he cared to remain in the business. The plaintiff further alleged in his declaration that the plaintiff, acting under the representations and inducements thus made to him, gave up his logging contract and purchased a large amount of additional equipment, including another truck, one caterpiller tractor, three pulpwood bodies and a power saw, to be used in cutting and hauling pulpwood to be delivered to the defendant. The plaintiff alleged that during the months of June, July, August, September, October and November in 1948, he delivered to the defendant under the contract such pulpwood as he could cut and deliver to the railroad, all of which was accepted and paid for by the defendant; that during the months of December 1948 and January 1949 the defendant refused to accept more than one car of pulpwood per week, but assured the plaintiff that this was due to a strike then in progress in the plant of the defendant, and because of an excess inventory of pulpwood, and that within a few weeks the defendant would resume purchasing all of the pulpwood that could be cut and delivered by the plaintiff; that during the first part of February 1949, the defendant told the plaintiff not to deliver any more pulpwood and refused to accept any further deliveries of pulpwood from the plaintiff, and wholly without cause breached the contract. The plaintiff demanded judgment for the sum of $12,342 actual damages and $10,800 compensatory damages because of the breach of contract by the defendant.

The defendant filed a demurrer to the plaintiff's declaration, and alleged as grounds for demurrer, (1) that the declaration stated no cause of action against the defendant, and (2) that the alleged contract sued on by the plaintiff was violative of the statute of frauds of the State of Mississippi and particularly subsection (d) of Section 264, Chapter 7, Miss. Code of 1942.

The court after hearing the argument entered a judgment sustaining the demurrer to plaintiff's declaration and dismissing plaintiff's suit. The case is now before us on appeal from that judgment.

Section 264, Code of 1942, provides that "An action shall not be brought whereby to charge a defendant or other party: . . . (d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof; . . . Unless . . . the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing."

Plaintiff's suit, as we have seen above, was based upon an alleged ▮▮ oral contract "for the cutting and hauling of pulpwood to the railroad and loading the same on cars for shipment to the defendant", with a guarantee to the plaintiff of employment under the contract for a period of not less than two years. The alleged contract was therefore a contract which could not be performed within the space of fifteen months from the making thereof, and we think that under the terms of the statute an action cannot be maintained to charge the defendant upon such contract.

In the case of Mallett v. Lewis, 61 Miss. 105, the Court held that an oral agreement to buy goods from a person exclusively for five years, if he sells as reasonably as others, is within the statute of frauds. In that case the Court said: ▮▮ "Where the time is indefinite, and supervening death may work completion within the year,

the court will not infer an intention to violate the statute, but where two, five or ten years is expressly stipulated for there is no room for inference, and the statute comes like a tyrant and makes all unenforceable." In the case of Gerachi v. Sherwin-Williams Co., 156 Miss. 36, 125 So. 410, the Court held that under the statute a suit cannot be maintained upon an oral agreement which is not to be performed within the space of fifteen months from the making thereof, and that where a verbal contract did not have a specified period of time within which it was to be performed, but was considered by the parties to be permanent and to remain in force as long as the buyer paid for the goods sold, an action could not be maintained to enforce the agreement. In the case of Green v. Hartford Fire Insurance. Co., 157 Miss. 316, 128 So. 107, 69 A. L. R. 554, the Court held that an oral agreement to keep a fire insurance policy in force and to renew the policy three years from the date thereof was within the statute of frauds, and that the demurrers filed by the insurance companies should have been sustained on the ground that the oral contract violated the statute. In the case of Fireman's Fund Insurance Co. v. Williams, 170 Miss. 199, 154 So. 545, the Court again held that an oral agreement to keep a fire insurance policy in force and to renew the policy from year to year was within the statute of frauds, and that the defense of the statute could be raised by demurrer to the bill of complaint.

In the case of Gulfport Cotton Oil, Fertilizer & Mfg. Co. v. Reneau, 94 Miss. 904, 48 So. 292, the Court held that a verbal contract made on April 20 for the employment of the plaintiff as superintendent of the operating department of the company's oil mill for a term of one year beginning on April 24, came within the statute of frauds, and that such contract could not be enforced. See also the case of Edmondson v. Edmondson, 48 So. (2d) 121, in which opinion was rendered by this Court on October 9, 1950.

It has long been the settled doctrine of this Court that █ part performance of an agreement of this kind does not take the case out of the operation of the statute of frauds. Beaman v. Buck, 9 'Smedes & M. 207; Box v. Standfor, 13 Smedes & M. 93, 51 Am. Dec. 142; Catlett v. Bacon, 33 Miss. 269; Fisher v. Kuhn, 54 Miss. 480; Gumbel v. Koon, 59 Miss. 264; Mallett v. Lewis, supra; Howie v. Swaggard, 142 Miss. 409, 107 So. 556; Tanner v. Walsh, 184 Miss. 147, 183 So. 278.

 █ Appellant's attorneys, in their assignment of errors and in their brief, contend that the declaration filed in this cause does not expressly allege that no written memorandum of the alleged agreement was made and signed by the defendant, or its duly authorized agent, and that for that reason the defense of the statute of frauds could not be properly raised by demurrer, but that such defense should have been raised in the answer or by plea. A sufficient answer to this contention is that the facts alleged in the declaration itself show that the alleged contract was an oral contract with a guarantee to the plaintiff of employment under the contract for a period of not less than two years, and such facts under the terms of the statute do not constitute a legal cause of action.

 █ Appellant also contends that the contract sued on herein was a divisible contract, and that if the contract could not be enforced for a period of "not less than two years," according to the alleged agreement of the parties, the defendant should be required to pay not only for the pulpwood which was actually delivered, but for all the pulpwood that could have been delivered within the space of fifteen months. This contention was also made in the argument on the demurrer in the lower court and was rejected by the learned trial judge, and we think properly rejected. The alleged contract was one indivisible entire contract. It was an oral contract, which according to its terms could not be performed within the space of fifteen months, and under the terms

of the statute no action can be brought to charge a defendant upon such contract either in whole or in part.

Finally, the appellant contends that the contract sued on is not a contract of employment, as contended by the appellee, but a contract for the purchase of pulpwood for the sum of $8.75 per cord for a guaranteed period of not less than two years; and that the contract was consummated and taken out of the statute of frauds by the appellant cutting, hauling and loading on railroad cars and shipping to the appellee during the months of June to November, 1948, substantial quantities of pulpwood which were accepted and paid for by the appellee. This contention is based upon the claim that Section 264, Code of 1942, is not applicable to the contract sued on, and that the contract sued on is governed by the provisions of Section 268, Code of 1942, which relates to the sales of goods, wares, merchandise and other personal property. And appellant cites in support of this contention the case of Crystal Springs Ice Company v. Holliday, 106 Miss. 714, 64 So. 658. In that case the plaintiff agreed to purchase, and the defendant agreed to sell and deliver to the plaintiff during the summer season, ice, which the plaintiff expected to resell to customers as a part of plaintiff's established retail business. After making several small shipments of ice to the plaintiff, the defendant declined to ship more ice, and the plaintiff sued for a breach of the contract. The Court held that the oral contract for the sale of the ice during the ice season was valid, where thirty tons of the ice had been delivered in performance of the contract. In that case, however, the section of the statute of frauds relating to oral contracts which are not to be performed within the space of fifteen months was not involved.

Whether the contract sued on in plaintiff's declaration be treated as a contract of employment, or for work and labor, or █ as a contract for the purchase of pulpwood which was to be cut and hauled by the plaintiff and paid for by the defendant at a unit price, the con-

tract, according to the allegations of plaintiff's declaration, was not to be performed within the space of fifteen months from the making thereof, and the rule announced by this Court in Mallett v. Lewis, supra, and applied in Gerachi v. Sherwin-Williams Company, supra, is applicable to the facts alleged in the declaration.

The judgment of the lower court sustaining the demurrer to plaintiff's declaration is therefore affirmed.

Affirmed.