GUSTAVE WAGNIERE *vs.* WILLIAM W. DUNNELL *et al.*

JUNE 29, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Contracts. Statute of Frauds. Contracts Not to be Performed within a Year.*

Assumpsit was brought upon the following agreement for hiring:

"Understanding that you will give me your best ability as a finisher of cotton and silk or all silk goods especially, but of any other grade of goods within your knowledge and ability. I hereby agree to employ you at a compensation of fifty dollars per week for three years from the date hereof or for so much of such three years as your results show the ability that you now claim to be able to give me,"—

*Held,* that the agreement was within the statute of frauds, as a contract which was not to be performed within one year from the making thereof, under C. P. A., § 226, clause 5.

*Held,* further, that a contract for a term longer than a year was not excluded from the operation of the statute, because it might be terminated within a year.

(2) *Statute of Frauds. What Memorandum Must Contain.*

*Held,* further, that the agreement was not a sufficient memorandum to satisfy the requirements of the statute, since it was incomplete and uncertain as to the standard of ability of the employee, making resort to parol testimony necessary to complete it.

ASSUMPSIT.   Heard on exceptions of plaintiff, and overruled.

PARKHURST, J.   The plaintiff brought suit in assumpsit, claiming damages for breach of an agreement which was as follows, viz.:

"February 9th, 1906.

"MR. GUSTAVE WAGNIERE

"DEAR SIR,

"Understanding that you will give me your best ability as a finisher of cotton and silk or all silk goods especially, but of any other grade of goods within your knowledge and ability, I hereby agree to employ you at a compensation of Fifty (50) Dollars per week for three (3) years from the date hereof or for so much of such three (3) years as your results show the ability that you now claim to be able to give me.

"Yours truly,

"WM. WANTON DUNNELL.

"Accepted:

"G. WAGNIERE.

"In presence of:

"DUDLEIGH C. COLLINS."

After hearing all the testimony offered by both parties, before a jury, the Superior Court, upon defendant's motion, directed the jury to return a verdict for the defendant, upon the ground that "the contract sued upon was such as to bring it within the statute of frauds, and that it was not sufficiently expressed in writing to render the contract enforceable at law." This is the language of the exception, and the only exception taken by the defendant in his bill of exceptions, and is quoted therefrom, so that the only questions before this court are:

1. Is this contract within the statute of frauds?

2. Is it or not sufficiently expressed to be enforceable at law?

It is plainly an "agreement which is not to be performed within one year from the making thereof;" under C. P. A., § 226, clause fifth, which reads as follows:

"SEC. 226. No action shall be brought,"—  . . .

"*Fifth.* Whereby to charge any person upon any agreement which is not to be performed within the space of one year from the making thereof;

"Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

It is established by the great weight of authority that a contract for a definite term longer than a year is not excluded from the operation of the statute of frauds because it contains a provision enabling either party to put an end to the contract within a year, the reasoning of the courts being that the rescission of a contract is not the performance of it. *In re Pentreguinea Fuel Co.*, 4 De G. F. & J. 541; *Birch* v. *Earl of Liverpool*, 9 Barn. & C. 392; *Roberts* v. *Tucker*, 3 Exch. 632 at 640; *Dobson* v. *Collis*, 1 Hurl. & N. 81; *Wilson* v. *Ray*, 13 Ind. 1; *Mallett* v. *Lewis*, 61 Miss. 105; *Meyer* v. *Roberts*, 46 Ark. 80; *Biest* v. *Ver Steeg Shoe Co.*, 97 Mo. App. 137; Browne Stat. of Frauds, § 282; 20 Cyc. 208.

In *Dobson* v. *Collis, supra*, the plaintiff's case was that it had been agreed between him and the defendants that he should serve the defendants and be retained by them in the capacity of a traveller until the first day of September, 1855, and for a year thereafter, unless the said employment were determined by three months' notice given by the plaintiff or defendants, respectively; that the plaintiff had entered into service of the defendants, etc., but had been dismissed by the defendants before September 1st, 1855. The contract was oral and was held to be within the statute of frauds as a contract not to be performed within a year, although it was defeasible within a year. Pollock, C. B., says: "A contract which by its general terms is not to be performed within the year is not taken out of the statute because it may be defeated on a given event. . . . A lease for five years, subject to a defeasance, on the

happening of a certain event does not cease to be a lease for five years because it may be defeated at the end of the first year."

In *Biest* v. *Ver Steeg Shoe Company, supra,* the plaintiff, by a written contract dated February 5, 1900, was employed as a salesman for the defendant "in the territory agreed upon (a list of these towns is hereto attached)," for a term of one year commencing April 1, 1900. It was provided in this contract that if the plaintiff wished to discontinue the contract on October 1, 1900, he could do so by giving the defendant notice on August 1, 1900. No written list of towns was ever drawn up to go with this contract. It is held that the contract was within the statute of frauds as one not to be performed within a year, in spite of the stipulation as to discontinuance by notice, and that the memorandum was not sufficient to satisfy the statute. The court says: "Performance as used in the · statute is construed to mean full and complete performance according to the terms of the agreement. . . . Most cases . . . hold a contract to render services for more than a year to be within the intention and force of the statute, notwithstanding one or both of the parties may have the option of ending it by notice in a year, because full performance cannot be rendered in a year consistently with the understanding of the parties."

In the citation from Browne on the Statute of Frauds, the rule is stated as follows: (§ 282) "Thus, a contract of hiring for more than a year is within the statute although it be stipulated that either party may withdraw from the contract before the expiration of a year." Then, after quoting some of the above cases, the learned author proceeds: "In such cases as those just cited, it cannot be said that the agreement would be fully performed when one party withdrew from the contract of hiring . . . ; we should rather say that in such event the performance of the agreement according to its terms would be frustrated."

It is clear that the parties intended that this agreement should run for three years and that it could be terminated before the end of that time only upon breach by one party or the other.

It could not be performed in accordance with its terms in less than three years, and if brought to an end sooner it must be an untimely end by breach and not by performance, or by the exercise of an implied option reserved to the defendant, in case results should not "show the ability that you now claim to be able to give."

As. stated in Browne on the Statute of Frauds, p. 360, § 273: "The statute . . . means to include any agreement which by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of performance, according to its language and intention, within a year from the time of its making."

(2)        The contract involved in this case must, then, within the purview of the statute of frauds, be a contract not to be performed within a year, and is, therefore, unenforceable unless evidenced by a memorandum sufficient to satisfy the requirements of the statute as construed by recognized authorities. This raises the question, then, whether the letter in this case, signed by the defendant and accepted by the plaintiff, is a sufficient memorandum.

It is well settled that the memorandum must contain all the material substantive terms of the contract, so that it is not necessary to resort to oral testimony to supply one or more of such terms and to make it complete and definite. This rule is approved in the following cases: *Hodges* v. *Howard*, 5 R. I. 149, at 158; *Peck* v. *Goff*, 18 R. I. 94, at 97; *Peltier* v. *Collins*, 3 Wend. 459; *Drake* v. *Seaman*, 97 N. Y. 230, at 236; *Boardman* v. *Spooner*, 13 Allen, 353; *Buck* v. *Pickwell*, 27 Vt. 157, at 167; *Lester* v. *Heidt*, 86 Ga. 226; *Stewart* v. *Cook*, 118 Ga. 541; *Nelson* v. *Shelby Mfg. Co.*, 96 Ala. 515, at 527; *Norris* v. *Blair*, 39 Ind. 90; *Fisher* v. *Andrews*, 94 Md. 46, at 54; *Brundige* v. *Blair*, 43 Kans. 364; *Smith* v. *Shell*, 82 Mo. 215, at 218; *Fowler* v. *Lewis*, 3 A. K. Marsh (Ky.), 443; *Wright* v. *Weeks*, 25 N. Y. 153, affirming 3 Bosw. 372; *Ide* v. *Stanton*, 15 Vt. 685; *Ridgway* v. *Ingram*, 50 Ind. 145; *Riley* v. *Farnsworth*, 116 Mass. 223; *Ringer* v. *Holtzlaw*, 112 Mo. 519; *Scarritt* v. *St. John's M. E. Church*, 7 Mo. App. 174, at 178; *Biest* v. *Ver Steeg Shoe Co.*, *supra; Snow* v. *Nelson*, 113 Fed. 353; *Gault* v. *Stormont*, 51

Mich. 636; *Harney* v. *Burhans*, 91 Wis. 348; *Watt* v. *Wisconsin* *Cranberry Co.*, 63 Ia. 730; *Kingsley* v. *Siebrecht*, 92 Me. 23, at 27; 2 Kent's Commentaries, 510, 511; I Mechem on Sales, 360, 365–367; Williston on Sales, 115.

The rule is applied in contracts or agreements for labor or service where the nature of the service to be rendered is not clearly set forth, but must be shown by parol evidence. *Biest* v. *Ver Steeg Shoe Co.*, 97 Mo. App. 137; *Drake* v. *Seaman*, 97 N. Y. 230, 236; Browne, Statute of Frauds, 5th ed. §§ 371, 384; Wood, Statute of Frauds, § 345; 20 Cyc. 258. See also note of *Banks* v. *Chas. P. Harris Mfg. Co.*, 20 Fed. Rep. 667, at 670.

The rule as to what the memorandum must contain to satisfy the statute of frauds is laid down in Browne on the Statute of Frauds, section 371, as follows: "Upon this the general rule is that it must contain the essential terms of the contract expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties."

Wood says (at page 647): "The statute only contemplated that such a note or memorandum should be made as men in the hurry of business may be supposed to be likely to make; but, nevertheless, of such a definite character in all the essentials of the contract, that the intention of the parties, their names and relation to each other under the contract, can be gathered from the memorandum itself, leaving nothing to be supplied by parol." At page 658, the same author says: "The legal effect of a note or memorandum is left precisely as it was at the common law, but the whole contract must be embraced in the writing or other collateral writings connected therewith, and no part of it left resting in parol, because in such an event all the mischiefs which the statute was intended to prevent are likely to ensue."

In the present case, the defendant's obligation was subject to the condition that the results of the plaintiff's work should "show the ability that you now claim to be able to give me;" and it was an important part of the plaintiff's obligation that he should give the defendant the benefit of such ability. The

contract, then, is incomplete and too uncertain to be enforced unless this standard is fixed in some way. It is not fixed in the slightest degree in the defendant's letter to the plaintiff which constitutes the only memorandum of the contract, but resort must be had to one or more conversations between the plaintiff and defendant, or other parol evidence, for the purpose of fixing the standard. It is "the ability which you now claim to be able to give me." The memorandum itself shows that it is incomplete, and that oral testimony is necessary to complete it.

The defendant was authorized by the express terms of the contract to discharge the plaintiff from his employment if his work was not up to a standard fixed in a conversation between them, and the defendant claims that the plaintiff was discharged for failure to show ability up to that standard. It is the main issue of fact in the case whether the plaintiff's results showed the ability that he had claimed to have, and the first thing in determining this issue is plainly to find out what ability the plaintiff had claimed to have. This must be done by resorting to oral testimony, and when it is resorted to, the witnesses differ materially.

This is precisely the state of affairs that the statute, as interpreted by the courts, was intended to prevent, by requiring that parties who entered into a contract which could not be wholly performed within a year must reduce it to writing; so as not to leave any of the material terms and provisions of the agreement to the changeable and unreliable memory of interested witnesses.

It is clear that the memorandum in this case is insufficient to satisfy the statute, and therefore that the verdict for the defendant was properly directed by the trial court upon this ground.

The plaintiff's exception is overruled, and the case is remitted to the Superior Court for the county of Kent, with direction to enter judgment for the defendant upon the verdict.

*P. Henry Quinn*, for plaintiff.
*Gardner, Pirce & Thornley*, for defendant.
*William W. Moss*, of counsel.