**Carl W. WINDSOR, Jr., Plaintiff,**

v.

**AEGIS SERVICES, LTD., Defendant.**

**Civ. A. No. 88–0264–R.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 4, 1988.

John Cole Gayle, Jr., Hubard, Marchant, Samuels & Gayle, Richmond, Va., for plaintiff.

Joseph S. Bambacus, Bambacus & Associates, James W. Hopper, Warren H. Britt, Parvin, Wilson, Barnett & Hopper, Richmond, Va., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

This employment contract dispute presents the question, as yet unsettled in Virginia, whether an oral employment contract providing for dismissal for "just cause" is unenforceable under the Statute of Frauds. More specifically, the question is whether such a contract can be *performed* within a year and thereby escape the bar of the Statute of Frauds. It cannot; a dismissal for cause, which can occur within a year, is not contract *performance.* Thus, the Court holds that such a contract falls within the Statute of Frauds and is therefore unenforceable. *See* Va.Code Ann. § 11–2(7) (Repl.Vol.1985).

## BACKGROUND

Plaintiff, Carl Windsor, was employed by defendant Aegis Services from February 1985 through June 1987 as a Court Security Officer (CSO). The employment contract was oral. Plaintiff alleges that his CSO supervisor represented that plaintiff would not be terminated absent just cause.

Plaintiff was terminated June 5, 1987. The reasons for his termination are sharply disputed. According to defendant, plaintiff

was terminated because (i) after a warning, plaintiff was out of uniform on May 18, 1987, and (ii) plaintiff allowed two people to enter a federal facility without proper challenge. Plaintiff responds (i) that he was off duty when he was out of uniform, and (ii) that he knew the persons he allowed in. The actual reason for his termination, according to plaintiff, was that he insisted on filing a report concerning a fellow CSO's negligence in leaving a loaded revolver in a public restroom. Thus, plaintiff believes that he was terminated without just cause, in violation of his contract. Accordingly, he filed the present action.

Plaintiff's Complaint asserts two counts: intentional, malicious, wrongful discharge (Count I); and intentional infliction of emotional distress (Count II). Plaintiff sought $50,000 in compensatory damages plus costs and attorney's fees, $100,000 in punitive damages, and reinstatement. Defendants filed motions to dismiss and motions for summary judgment. As a result of defendant's motions, the Court dismissed Count II, holding that plaintiff's allegations failed to state a cause of action for intentional infliction of emotional distress. *See Womack v. Eldridge*, 215 Va. 338, 210 S.E. 2d 145 (1974). The Court also dismissed plaintiff's claims for reinstatement and punitive damages.

Defendant's summary judgment attack on Count I proceeded on the ground that plaintiff's employment was terminable at-will. Plaintiff responded that although his employment was initially terminable at-will, a superseding oral employment contract was created which provides that plaintiff can only be terminated for "just cause." Specifically, plaintiff asserted that defendant's CSO Supervisor, William Fox, told plaintiff that he had a job as long as he did not violate the standards of conduct noted in an employee handbook given to plaintiff after he began his employment. The Court denied defendant's motion on this ground, holding that a jury question existed as to whether Fox's representations about the employee handbook created a superseding "just cause" offer of employment.[1] But the Court held in abeyance its ruling on defendant's motion for summary judgment on the ground that the alleged oral "just cause" contract is barred by the Statute of Frauds because this issue is unsettled in this jurisdiction. The Court permitted the parties to file additional material on this issue. The parties did so and this matter is now ripe for disposition.

The Court holds that an oral "just cause" employment contract is unenforceable under the Statute of Frauds because it is incapable of being performed within a year. Accordingly, defendant's motion for summary judgment on Count I is granted.

## ANALYSIS

Whether an oral "just cause" employment contract is one that may be per-

---

1. Under Virginia law, a general hiring where the term of employment is not specified is presumed to be terminable at will. *See Hoffman Specialty Co. v. Pelouze*, 158 Va. 586, 164 S.E. 397 (1932). An employee at will can be discharged for any reason or for no reason at all. *Id.* The presumption of employment at will, however, may be rebutted. *See Sea–Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982). In the present case, it appears that when plaintiff was hired, the duration of his employment was not fixed and, consequently, was presumptively at will. Yet Fox's representations about the handbook could serve to rebut this presumption by establishing that plaintiff could only be discharged for cause. *See Thompson v. King's Entertainment Co.*, 674 F.Supp. 1194 (E.D.Va.1987) (handbook containing "just cause" provision, which was issued after plaintiff's employment began, could constitute a new offer of employment which plaintiff accepted by continued employment). The Court adopted the *Thompson* rationale and held that a reasonable jury could find that the issuance of the handbook, together with Fox's representations, constituted a new offer of employment terms that plaintiff accepted by his continued employment.

Importantly for the motion at bar, the Court holds that the handbook here, unlike the handbook in *Thompson*, cannot, by itself, create a new offer of employment. This is so because (i) the handbook is a Department of Justice publication that the government required each CSO to receive, not an Aegis publication, (ii) the handbook explicitly provides that it does not create any contractual rights, and (iii) the handbook was not "signed by the party to be charged," *i.e.*, Aegis. *See* Va.Code Ann. § 11–2 (Repl.Vol.1985). Accordingly, Fox's alleged representations are essential in establishing a superseding offer of employment.

formed within a year and is therefore outside the Statute of Frauds is an issue unsettled in this jurisdiction. *Compare Haigh v. Matsushita Electric Corp.*, 676 F.Supp. 1332, 1348 (E.D.Va.1987) (oral "just cause" contract barred) *with Frazier v. Colonial Williamsburg Foundation*, 574 F.Supp. 318, 320 (E.D.Va.1983) (oral "just cause" contract not barred because contract could be completed in one year; employee "could be discharged for good cause within one year of having been hired"). A review of pertinent Virginia and Federal authority, however, leads this Court to conclude that such a contract cannot be *performed* within a year and is therefore unenforceable under the Statute of Frauds. *See* Va.Code Ann. § 11–2(7).[2]

In support of his assertion that an oral "just cause" contract is not barred by the Statute of Frauds, plaintiff relies chiefly on Judge MacKenzie's decision in *Frazier v. Colonial Williamsburg Foundation*, 574 F.Supp. 318 (E.D.Va.1983). There, a former employee brought an action for wrongful discharge, claiming that he received oral assurances that he would be fired only for cause. Defendant moved for summary judgment asserting, *inter alia,* that the oral "just cause" employment contract was barred by the Statute of Frauds. Judge MacKenzie denied defendant's motion, relying, in part, on the Virginia Supreme Court's decision in *Silverman v. Bernot*, 218 Va. 650, 239 S.E.2d 118 (1977). In *Silverman,* the parties had an oral agreement that plaintiff would receive a pension of $300 per month if she remained in defendant's employ until plaintiff reached the age of 62 or until defendant's death, whichever event occurred first. The court there held the contract was not barred by the Statute of Frauds because the defendant could have died within a year, thus the contract could have been performed within a year. It did not matter that the occurrence of the triggering event, *i.e.* defendant's death, was improbable, only that it was reasonable and possible. 239 S.E.2d at

121. Judge MacKenzie in *Frazier* applied the *Silverman* rationale in holding that an oral "just cause" contract was not barred by the Statute of Frauds:

> Contrary to defendant's suggestion, the Statute of Frauds, Va.Code § 11–2(7) (1978), is not triggered here. A writing is not needed so long as the contract can be performed within a year, even if only by some improbable event. *Silverman v. Bernot*, 218 Va. 650, 239 S.E.2d 118 (1977). The contract which [plaintiff] alleges could be performed within one year since, for example, [plaintiff] could have been discharged for good cause within a year of having been hired.

*Frazier,* 574 F.Supp. at 320.

The *Frazier* court also relied on the decision of the Virginia Supreme Court in *Norfolk Southern Railway Co. v. Harris*, 190 Va. 966, 59 S.E.2d 110 (1950). There, plaintiff had a written employment contract that provided he could only be dismissed for "just cause." Notwithstanding the "just cause" provision, defendant argued that plaintiff was only entitled to nominal damages, if any, because "he was not employed for any particular time or term; that [plaintiff] could terminate the employment at will, and defendant had the same right." 59 S.E.2d at 114. The *Norfolk Southern* court recognized the settled doctrine in Virginia that where no specific time is fixed for the duration of employment, there is a rebuttable presumption that the employment is terminable at will. The court, however, held that plaintiff's employment contract was for a definite time:

> Here, however, a definite time was fixed for the duration of the employment. It was, by the terms of the contract, to continue until the plaintiff gave to the defendant just cause to end it.

59 S.E.2d at 114. The *Frazier* court cited the *Norfolk Southern* decision with approval, stating that "[w]hile the promise was embodied in a written contract in *Norfolk Southern,* the same general principle applies here.... [I]t is up to the jury to

---

**2.** Va.Code Ann. § 11–2(7) provides, in pertinent part, that no action shall be brought "[u]pon any agreement that is not to be performed within a year ... [u]nless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged...."

determine whether ... [plaintiff] had an enforceable promise from [defendant] that it would not fire him without just cause." *Frazier*, 574 F.Supp. at 320.

In sharp contrast to *Frazier* is Judge Spencer's decision in *Haigh v. Matsushita Electric Corp.*, 676 F.Supp. 1332 (E.D.Va. 1987). There, a former employee of defendant brought an action asserting, *inter alia*, breach of an alleged oral "just cause" employment contract. The court held that enforcement of such a contract was barred by the Statute of Frauds because, although the contract might be *breached* within a year, it could not be *performed* within a year.

A specification of a definite period of performance

> of a contract of employment which is for a year or longer, although qualified by making its continuance depend upon the character of the work, establishes that performance under the contract, as respects the one-year provision of the statute of frauds, is for a longer period than one year, prior termination being a breach, which may not be assigned as a reason for construing it as not within the statute.

676 F.2d at 1348 (quoting Annot., 28 A.L. R.2d 878, 880 (1953)).

In deciding the Statute of Frauds issue, the *Haigh* court rejected the *Frazier* analysis and instead adopted the analysis of commentators Marshall & Wicker, who argued that *Frazier* misapplied *Norfolk Southern* and *Silverman*:

> [I]n *Frazier v. Colonial Williamsburg Foundation*, the federal court erroneously applied *Norfolk Southern Railway Co. v. Harris* and implied a "just cause for termination" provision even though there was no written contract (such as the collective bargaining agreement relied on in *Norfolk Southern*).
>
> *       *       *       *       *       *
>
> [T]he [*Frazier*] court misinterpreted Virginia's law concerning the Statute of Frauds. In *Silverman v. Bernot*, the Virginia Supreme Court distinguished between *termination by operation of law* and *completion by performance*. The *Frazier* court did not. In *Frazier*, the

court ruled that the Statute of Frauds did not bar enforcement of an alleged oral agreement to dismiss the plaintiff only for just cause. In stating that the oral contract could have been performed within one year because the plaintiff could have been discharged for good cause within his first year of employment, the *Frazier* court failed to recognize the distinction between full performance and excusing performance. Had the plaintiff in *Frazier* been discharged for cause within his first year of employment, neither party would have fully "performed." Rather, the plaintiff simply would have breached his promise to render satisfactory service, and his breach would have excused the employer from further performance. Because full performance within a year was not possible under the alleged oral agreement, the *Frazier* court should have held any "contract" unenforceable. Thus, *Frazier* misapplied Virginia law and should not be used as authority for creating a just cause standard absent a written contract.

Marshall & Wicker, *The Status of the At–Will Employment Doctrine in Virginia After* Bowman v. State Bank of Keysville, 20 U.Rich.L.Rev. 267, 285–86 (1986) (footnotes omitted), *quoted with approval in Haigh*, 676 F.Supp. at 1348. The *Haigh* court found that the Marshall and Wicker analysis was "an appropriate one," and concluded that *Frazier* was wrongly decided. *Haigh*, 676 F.Supp. at 1348.

This Court adopts Judge Spencer's cogent reasoning in *Haigh* and holds that enforcement of plaintiff's alleged oral "just cause" employment contract is barred by the Statute of Frauds because it cannot be performed within a year. A close reading of *Silverman* supports this holding. In *Silverman*, the court distinguished the case of *Wagniere v. Dunnell*, 29 R.I. 580, 73 A. 309 (1909). There, the Supreme Court of Rhode Island refused to enforce an oral agreement in which plaintiff was to be employed at a compensation of $50 per week for three years from the date of the contract "or for so much of such three (3) years as your [plaintiff's] results show the ability that you now claim to be able to give me [the defendant]." 73 A. at 310.

The *Silverman* court characterized the contract in *Wagniere* as "an agreement to employ plaintiff for three years or for so long not exceeding three years as plaintiff demonstrated the ability he claimed to have." 239 S.E.2d at 122. The court found that the contract in *Wagniere*

> could only be fulfilled within a year if the employee failed to perform according to his representations or if either party was unwilling to comply with the contract. There, the alternative could only have been fulfilled within a year upon the *breach* by one of the parties. But here, [defendant's] death, as we have said, would constitute full performance and not a breach.

239 S.E.2d at 122–23 (emphasis added). Here, as in *Wagniere*, the contract could only be "fulfilled" within a year if plaintiff *failed* to perform adequately; here, as in *Wagniere*, the contract cannot be *performed* within a year, and hence its enforcement is barred by the Statute of Frauds. Therefore, in distinguishing the "just cause" contract in *Wagniere*, the *Silverman* decision distinguishes the "just cause" contract here from one which is capable of being performed within a year.

Nor is it persuasive to argue, as plaintiff does, that a difference exists, for Statute of Frauds purposes, between oral just cause contracts that are for a specific term, such as the contract in *Wagniere* (three years), and oral just cause contracts that are of an indefinite duration, such as the contract here. The rationale of *Wagniere* and *Haigh*, *i.e.* that an oral just cause contract can only be breached within a year, not performed, is persuasive whether the contract is for a term of years or for an indefinite term. In all contracts allowing for termination for cause, the parties anticipate performance by the employee fulfilling his duties, not by failing to do so and hence giving the employer just cause to terminate. Quite simply, failing to perform, *i.e.* giving an employer just cause to fire, is a breach of the contract, not performance.

For the reasons stated, *Norfolk Southern* and its progeny are unpersuasive. Although *Norfolk Southern* does contain language to the effect that a "just cause" contract is a contract for a definite time, "[that] case involved the employment-at-will doctrine, not the statute of frauds." *Haigh*, 676 F.Supp. at 1348. For this reason, too, the case of *Twohy v. Harris*, 194 Va. 69, 72 S.E.2d 329 (1952), also relied upon by plaintiff, is unpersuasive. There, plaintiff alleged that an oral employment contract existed which provided that plaintiff would receive ten percent of the outstanding stock in defendant's corporations in return for plaintiff's continued employment. Defendant argued that the contract "lack[ed] the definiteness and consideration essential to a valid agreement," in part because the contract failed to state how long plaintiff was to perform. 72 S.E.2d at 335. The court, however, characterized the contract as one in which plaintiff was to continue services as long as defendant required or "until [plaintiff] gave [defendant] just cause to end the employment." 72 S.E.2d at 335. The court found that such a contract was for a definite time, citing *Norfolk Southern* for support. Yet *Twohy*, like *Norfolk Southern*, but in sharp contrast to *Silverman*, did not involve, and therefore did not address, the Statute of Frauds issue. For this reason, *Twohy* is unpersuasive.

In sum, distilled to its essence, the holding of this decision is that a just cause oral contract could well end in a year, but it cannot be *performed* within a year. Termination for just cause is not performance pursuant to Va.Code Ann. § 11–2(7).[3] Accordingly, defendant's motion for summary judgment is granted.

An appropriate order shall enter.

---

**3.** Were this Court to hold otherwise, results antithetical to the Statute of Frauds would follow. For example, oral contracts for a term of years would be enforceable provided they included a provision allowing termination for just cause. Such a result is manifestly contrary to the Statute of Frauds and its underlying policy.