## CIRCUIT COURT OF THE CITY OF RICHMOND

Henry W. Hahn

v.

Virginia Farm Bureau
Mutual Ins. Co.

September 14, 1988

Case No. LM-806-3

By JUDGE T. J. MARKOW

Plaintiff filed a two-count motion for judgment alleging a breach of an expressed and an implied contract of employment and wrongful termination of that contract by having been given inadequate notice of termination. Plaintiff claims that his expressed or implied contract precluded his termination except for just cause. He does not allege that his contract was in writing. Both counts stem from termination of plaintiff's employment with defendant when plaintiff's position was abolished on May 1, 1987. As alleged, plaintiff had been told of this action some eight weeks earlier, on March 5, 1987. This is a response to the demurrer in which, among other grounds, it claims that such contracts are required by the Statute of Frauds to be in writing.

Defendant's brief in support of his demurrer presents the question whether an oral employment contract providing for dismissal only for "just cause" is unenforceable under the Statute of Frauds. More specifically, the question is whether such a contract can be *performed* within a year and thereby escape the bar of the Statute of Frauds. It cannot; a dismissal for cause, which can occur within a year, is not contract performance. In light of the sound reasoning of *Windsor v. Aegis Services, Ltd.,* 691 F. Supp.

956 (E.D. Va. 1988), the court holds that Hahn's "contract" falls within the Statute of Frauds and is, therefore, unenforceable. *See* Va. Code Ann. Section 11-2(7) (Repl. Vol. 1985).

Since plaintiff's alleged contract would be rendered unenforceable by the Statute of Frauds, no separate cause of action arising out of the termination of that at-will employment is cognizable in law.

Defendant has asserted other grounds to support its demurrer which the court need not reach because of the finding stated here.

Accordingly, defendant's demurrer is sustained and the motion for judgment must be dismissed.