## CIRCUIT COURT OF THE CITY OF RICHMOND

Henry W. Hahn

v.

Virginia Farm Bureau
Mutual Ins. Co.

November 1, 1988

Case No. LM-806-3

By JUDGE T. J. MARKOW

This matter is before the court on demurrer to the motion for judgment and bill of particulars.

Plaintiff filed a two-count motion for judgment alleging a breach of an express and an implied contract of employment and wrongful termination of that contract by having been given inadequate notice of termination. Plaintiff claims that his express or implied contract precluded his termination except for just cause. Plaintiff's bill of particulars alleges that he was "made aware of Farm Bureau's policy and practice that it would not terminate long-standing employees . . . except for cause," that Hahn was induced to remain in defendant's employ as result of certain representations made by supervisor, Milton Cheatham who "expressly represented to Hahn that if he did a good job, he would have nothing to worry about." The bill of particulars also alleges that such representations to plaintiff were made with the intent to inspire Hahn's loyalty, enthusiasm, and good will and that Hahn relied on this promise to his detriment by refraining from quitting and by giving to defendant company his loyalty, enthusiasm, and good will. Plaintiff claims that these oral "just cause" representations were later confirmed

in writing when Hahn received a letter signed by defendant's corporate officers thanking Hahn for his long years of service and adding, "[w]ith your continued cooperation and good work, we look forward to greater achievements . . . ."

Approximately eight months after receipt of the letter, Hahn's position as Training Specialist was abolished, and he was notified that his position with Farm Bureau would be terminated in eight weeks. This lawsuit ensued.

The court advised counsel that it intended to sustain the defendant's original demurrer to plaintiff's motion for judgment on the ground that the alleged contract violated the Statute of Frauds.[1] Counsel for both parties appeared on September 26, 1988, on plaintiff's motion to reconsider the demurrer. At that time, plaintiff represented to the court that the Statute of Frauds may not be applicable since counsel believed there existed documents or writings that would satisfy the Statute of Frauds. By motion for a bill of particulars, defendant demanded that if such a writing existed that it be produced or described. The salient facts contained in the bill of particulars are discussed in the court's statement of facts. In response to defendant's bill of particulars, defendant amended his demurrer, alleging that plaintiff's "contract" was for an indefinite duration, therefore terminable at will, that Count II failed to state a cause of action, and that the motion for judgment combined causes of action in tort and contract, constituting a misjoinder of actions, and that the "contract" alleged by plaintiff was violative of § 11-2(f) of the Statute of Frauds.

Upon submission of memoranda and oral argument by counsel, the court deferred any action insofar as the Statute of Frauds was concerned and took that issue and other bases for the amended demurrer under advisement. The court concludes that the demurrer should be sustained as to the entire motion for judgment.

Virginia has consistently embraced the employment at will doctrine. In general, courts have adhered to the rule "that where no specific time is fixed determining the duration of employment, it is resumed to be an employ-

---

[1] 13 Va. Cir. 335 (1988). [Reporter's Note].

ment at will, terminable at any time by either party . . . ." *Hoffman Specialty Co. v. Pelouze*, 158 Va. 594, 164 S.E. 397, 399 (1932), *Stonega Coal & Coke Co. v. Louisville & Nashville Railroad*, 106 Va. 223, 55 S.E. 551 (1906). While Virginia courts traditionally have defined "definite time" to be measured in the context of days, months, or years, the Virginia Supreme Court has on one occasion held that a contractual right to continued employment until the employer has "just cause" to end it also constitutes a definite time. In *Norfolk Southern Ry. Co. v. Harris*, 190 Va. 966, 59 S.E.2d 110 (1950), the plaintiff was a railroad engineer who brought suit in state court to challenge his discharge under a collective bargaining agreement that governed his employment. The railroad had negotiated an agreement with the union which specifically limited the railroad's right to dismiss employees during the agreement's term, except for "just cause." Although the individual engineer could terminate his employment at will, the union's written agreement with the railroad had a specific duration. The Supreme Court of Virginia held that this was a contract for a definite term and was, therefore, not an "at will" contract. *Norfolk Southern* does not contradict the employment at will doctrine in Virginia, and plaintiff cannot avail himself of its holding in the absence of an underlying express contract of definite duration.

Another Virginia case which recognized a specific contract of employment but which, because of its unique facts, does not alter the employment at will rule, is *Sea-Land Services, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982). In *Sea-Land* an employee requested a transfer to her former position as a teletypist. Her employer agreed but required her to first leave her job as a sales representative, which the employee did. Then, unemployed, she reported to her teletype position and was told she would not be hired. She had quit one job in reliance on her employer's promise of another job. The court found that the parties had a contract to obtain employment "separate and apart" from any contract covering a particular position and that this separate contract was not even subject to any presumption of terminability at will that would otherwise apply. It is significant to note that while the employer became contractually obligated to rehire the

plaintiff, he was under no compulsion to retain her as an employee since the agreement upheld dealt strictly with the employer's duty to rehire but did not specify how long the new position would last.

Plaintiff also relies on several federal court precedents which have been more liberal in ending the employment at will rule. For example, in *Frazier v Colonial Williamsburg Foundation*, 574 F. Supp. 318 (E.D. Va. 1983), the federal court misapplied *Norfolk Southern Ry. Co. v. Harris* and implied a "just cause for termination" provision, even though there was no written contract such as the collective bargaining agreement relied on in *Norfolk Southern*. Absent any significant pronouncement of the Supreme Court of Virginia indicating a change in the at-will rule, this court declines to chart new courses based on federal precedents.

In fact, the most recent case from the Supreme Court of Virginia, *Addison v. Amalgamated Clothing and Textile Workers Union of America*, 236 Va. 233 (1988), reaffirms the vitality of the employment at will rule in this state. In *Addison*, a discharged union representative sued his union for breach of contract. Addison alleged that during reorganization of the union and its locals, a union representative promised Addison that "he would have a job in his proposed new capacity as long as he wanted it" and that Addison, relying on that promise, relinquished his benefits at a local plant to begin employment with Amalgamated, after which he was terminated. The court, having assumed that no "just cause" existed for plaintiff's termination, cited *Miller v. Sevamp, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987), for the rule that a contract without a fixed employment duration creates a rebuttable presumption that the employment is terminable at will. They refused to find, however, that Amalgamated's representations as to job security created an employment contract that could only be terminated if Addison's service became unsatisfactory or if his job was phased out. In other words, the Supreme Court of Virginia refused to find that oral representations concerning job security, even if relied on, rebutted the presumption in Virginia that contracts with no duration fixed are terminable at will.

Plaintiff also relies on letters sent to Mr. Hahn by his employer thanking him for his many years of service and encouraging him to better endeavors as creating a "writing" so as to satisfy the Statute of Frauds, Va. Code Ann. § 11-2(7). While it is true that a memorandum required by this section need not constitute or embody the contract, the writing must, at least, state the essential terms of the agreement. *Troyer v. Troyer*, 231 Va. 90, 341 S.E.2d 182 (1986). As a matter of law, this letter does not contain an offer or specific statement of intent; rather, it is merely a polite affirmation of the employee's effort and is totally devoid of contractual terms such as duration of contract, wages, or conditions of employment. The court refuses to find that such typical business gestures of good will are capable of contractually binding employers into obligations that neither employee nor employer bargained for.

In regard to plaintiff's arguments, as to the inapplicability of the Statute of Frauds to an oral "just cause" contract, the court, having reviewed the various memoranda and having considered counsel's oral arguments, reaffirms its earlier adherence to the sound reasoning expressed in *Windsor v. Aegis Services*, 691 F. Supp. 956 (E.D. Va. 1988), which held that an oral "just cause" employment contract could not be performed within a year and was, therefore, violative of the Statute of Frauds. This issue, again, exemplifies how cases like *Frazier v. Colonial Williamsburg Foundation*, 574 F. Supp. 318 (E.D. Va. 1983), relied on by plaintiff, misinterpret the law concerning Virginia's Statute of Frauds. In *Silverman v. Bernot*, 218 Va. 650, 239 S.E.2d 118 (1977), the Supreme Court of Virginia made the meaningful distinction between termination by operation of law and completion by performance. The *Frazier* court did not.

In *Frazier*, the court rules that the Statute of Frauds did not bar enforcement of an alleged oral agreement to dismiss the plaintiff only for just cause. *Frazier*, 574 F. Supp. at 320. In concluding that the oral contract could have been performed within a year because the plaintiff could have been discharged for just cause within that time, the *Frazier* court failed to distinguish between full performance and excusing performance. Had the party in *Frazier* been terminated for cause in the first year

of employment, neither party would have fully "performed." The plaintiff would have breached his promise to render satisfactory services, and his breach would have *excused* his employer from further performance. This court believes *Frazier* misapplied Virginia law and is not good authority for creating a just cause standard absent a written contract.

Finally, plaintiff argues that the doctrine of equitable estoppel should be a bar in this case to the assertion of a Statute of Frauds defense. The doctrine of equitable estoppel does not apply to situations in which the party asserting the estoppel has suffered detriment resulting solely from another party's failure to perform an obligation under an oral agreement. *Lance J. Marchiafava, Inc. v. Haft*, 777 F.2d 942 (4th Cir. 1985). Insofar as this theory assumes that Hahn's contractual consideration was his continued employment, such assumption misconstrues the promises on which contracts were based in *Sea-Land Services v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982), and *Twohy v. Harris*, 194 Va. 69, 72 S.E.2d 329 (1952). In both of these cases, the employees did not merely continue employment; rather, they gave up other specific employment opportunities in reliance on specific promises from the employers. In Virginia, only consideration *in addition* to contractual employment has been found to supply the contractual element of consideration.

Plaintiff's bill of particulars alleges only that Hahn "relied on this promise to his detriment by refraining from exercising his liberty of quitting and by giving to the company his loyalty, enthusiasm and good will," such "reliance" is insufficient consideration to support a contract.

Since plaintiff's alleged contract would be terminable at will and unenforceable under the Statute of Frauds, no separate cause of action arising out of his termination is cognizable at law. Accordingly, defendant's amended demurrer will be sustained.