**Carl W. WINDSOR, Jr.,**
**Plaintiff–Appellant,**

v.

**AEGIS SERVICES, LTD.,**
**Defendant–Appellee.**

No. 88–3160.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1989.

Decided March 23, 1989.

John Cole Gayle, Jr. (Hubard, Tice, Marchant & Samuels, Richmond, Va., on brief) for plaintiff-appellant.

Warren H. Britt (James W. Hopper, Parvin, Wilson, Barnett & Hopper, Joseph S.

---

Bambacus, Bambacus & Associates, Richmond, Va., on brief) for defendant-appellee.

Before CHAPMAN and WILKINS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

PER CURIAM:

Carl W. Windsor, Jr. was employed by Aegis Services, Ltd. as a court security officer in the Federal Courthouse in Richmond, Virginia. Following his discharge from this employment he brought an action in the state court against Aegis alleging breach of contract, intentional infliction of emotional distress and retaliatory discharge, and he sought punitive damages and reinstatement to his former position. The case was removed to the United States District Court for the Eastern District of Virginia, and following the defendant's motion, the district court dismissed the claims of intentional infliction of emotional distress and retaliatory discharge. The court also dismissed the request for punitive damages and for reinstatement. The district court held in abeyance a decision on the defendant's summary judgment motion that the alleged oral "just cause" contract was barred by the Virginia Statute of Frauds. The court denied the employer's summary judgment motion which claimed that the employment contract was terminable at will.

On August 4, 1988, four months after granting the aforementioned dismissals, the district court, following supplemental briefing, considered the question of "whether an oral employment contract providing for dismissal for 'just cause' is unenforceable under the Statute of Frauds. More specifically, the question is whether such a contract can be *performed* within a year and thereby escape the bar of the Statute of Frauds." *Windsor v. Aegis Services, Inc.*, 691 F.Supp. 956 (E.D.Va.1988). The district court in a well-reasoned opinion grounded upon Virginia law concluded that such a contract could not be performed in one year, and that although dismissal for cause could occur within one year, such a dismissal was not contract performance.

Windsor appeals only the August 4, 1988 order. After careful consideration of the record and the briefs, and after hearing able oral argument, we agree with the conclusion reached by the district court. We therefore affirm for the reasons set forth by the district court in *Windsor v. Aegis Services, Inc., supra.*

AFFIRMED.