## CIRCUIT COURT OF THE CITY OF RICHMOND

Louis L. Masini, III

v.

ICAFS, Inc., d/b/a
General Services Corp.

May 26, 1989

By JUDGE ROBERT L. HARRIS, SR.

This matter is before the court on defendant's motion craving oyer and on defendant's demurrer to plaintiff's motion for judgment.

After oral argument, I sustained defendant's demurrer and asked for briefs from counsel on whether or not I should grant plaintiff leave to amend his motion for judgment. I also granted the motion craving oyer, adding defendant's handbook entitled "Employment Policies and Benefits" to the pleadings.

Plaintiff was employed by defendant for approximately fourteen years and was discharged on September 10, 1987, on the grounds of tardiness.

In support of his opposition to the demurrer, plaintiff has provided the court with the argument that when the employer promises that employment will be terminated only for just cause, and the employer relies on that promise, the presumption of employment at will is rebutted. In support of relying on an oral just cause promise, as is the case here, plaintiff cites a decision of the U. S. District Court. *Frazier v. Colonial Williamsburg Foundation*, 574 F. Supp. 318 (E.D. Va. 1983). Once plaintiff establishes the validity of an oral just cause promise, he might then prevail over defendant's Statute of Frauds defense raised in this case.

In another U. S. District Court opinion, the reasoning in *Frazier* was rejected. *Windsor v. Aegis Services, Ltd.*, 691 F. Supp. 956 (E.D. Va. 1988). There the court held that an oral just cause contract could not be performed in less than one year, and for that reason was unenforceable under Virginia's Statute of Frauds, Va. Code § 11-2(7). *Windsor* has been affirmed by the Fourth Circuit. *Windsor v. Aegis Services, Ltd.*, No. 883160 (4th Cir., March 23, 1989).

These decisions in the federal courts comport with this court's rulings. Judge Markow has ruled that an oral just cause employment contract violates our Statute of Frauds. *Hahn v. Virginia Farm Bureau Mutual Ins. Co.*, 15 Va. Cir. 168 (1988). Judge Markow pointed out that *Frazier* misinterpreted our law, failing to distinguish between termination by operation of law and completion by performance. The Supreme Court of Virginia has made this distinction meaningful. *Silverman v. Bernot*, 218 Va. 650 (1977). The Supreme Court of Virginia found an oral contract to be outside the Statute of Frauds if there were a contingency (the death of the employer) that could have occurred within the first year. *Silverman* at 655. Lacking such a contingency in the agreement, which is plaintiff's case here, I cannot remove the bar of the Statute of Frauds.

Accordingly, I deny plaintiff leave to amend his motion for judgment.